*Filed*
*8-18-06*
*5:05 P.M.*
*In Open Court*

United States District Court
Western District of Kentucky
Paducah Division
5:04cv33-R

## JURY INSTRUCTIONS *& Verdict*

RICHARD L. TAYLOR, PLAINTIFF

v.

TECO BARGE LINE, INC., DEFENDANT

INSTRUCTION NO. 1

Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 5

Some of you have taken notes during the trial.  An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence.  Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance.  Jurors should not be influenced by another juror's notes.

## INSTRUCTION NO. 6

Plaintiff, Richard L. Taylor, has the burden of proving each and every element of his respective claims by a preponderance of the evidence. If you find that he has not proved any one of the elements by a preponderance of the evidence, you must return a verdict on that particular claim for the Defendant, Teco Barge Line, Inc.

A preponderance of the evidence is established if you are persuaded a fact is more probably true than not. In other words, think of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all the believable evidence favorable to Plaintiff. On the other side, place all of the believable evidence favorable to the Defendant.

Because the Plaintiff must prove his case, the Plaintiff may recover against the Defendant only if he tips the scale in his favor. If you conclude that the evidence is equally balanced or that it favors the Defendant, you must decide in favor of the Defendant.

INSTRUCTION NO. 7

**Request for Admission - Exhibit No. 44**

Plaintiff, Richard L. Taylor, has introduced into evidence certain "requests for admission," identified as "Plaintiff's Exhibit No. 44." There are deem to be admitted by the Defendant. You are to take the facts stated in Plaintiff's Exhibit No. 44 as true for purposes of this case.

INSTRUCTION NO. 8

**Claims under the Jones Act and the Doctrine of Unseaworthiness**

The Plaintiff, Richard L. Taylor, is asserting two (2) separate claims against the Defendant in this case. The Plaintiff's first claim, under a Federal law known as the Jones Act, is that his employer, Teco Barge Line, Inc., was negligent and that the Defendant's negligence was the cause of his injuries. The Plaintiff's second claim is that the Defendant's vessel, M/V Ann Peters, was unseaworthy and that this unseaworthiness caused his injuries.

You must consider both of these claims separately. The Plaintiff is not required to prove both of these claims. He may recover if he proves either one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

INSTRUCTION NO. 9

**Jones Act - Elements**

In order to prevail on Plaintiff's claim under the Jones Act, the Plaintiff must establish each of the following elements by a preponderance of the evidence:

1) First, at the time of the Plaintiff's injury, the Plaintiff, Richard L. Taylor, was a seaman acting in the course of the Plaintiff's employment as a member of the crew of a vessel in navigation;

2) Second, the Defendant was "negligent," as that term will be defined for you; and

3) Third, such negligence was a proximate cause of the damages sustained by the Plaintiff.

In this matter, it is not contested by the parties that the Plaintiff, Richard L. Taylor, was a seaman under the Jones Act definition.  As such, the first element has been established by the Plaintiff.

INSTRUCTION NO. 10

**Jones Act - Negligence**

Under the Jones Act, the Plaintiff, Richard Taylor, must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his/her employees who are seaman, including the duty of providing for the safety of the crew. Under the Jones Act, if the Defendant's negligent act caused the Plaintiff's injury, in whole or in part, then you must find that the Defendant is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seaman have a duty to provide their employees with a reasonably safe place to work. If you find that the Plaintiff was injured because the Defendant failed to furnish him with a reasonably safe place to work, and that the Plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the Defendant was negligent.

The fact that the Defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether the Defendant was negligent or not. You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice.

However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

INSTRUCTION NO. 11

**Jones Act - Proximate Cause**

For purposes of this action, negligence by the Defendant is the proximate cause of damage to the Plaintiff if it played any part, no matter how small, in bringing about or actually causing the injury or damage.  So if you should find from the evidence that any negligence of the Defendant contributed in any way toward any injury or damage suffered by the Plaintiff, you may find that such injury or damage was proximately caused by the Defendant's act or omission. Negligence may be a proximate cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if it occurs at the same time as the negligence and if the negligence played any part, no matter how small, in causing such damage.

INSTRUCTION NO. 12

**Claim of Unseaworthiness**

The Plaintiff's second claim against the Defendant is for "unseaworthiness." Specifically, the Plaintiff alleges that the Defendant's vessel, the M/V Ann Peters, was unseaworthy because of the presence of Bitmastic aboard the M/V Ann Peters.

In order to prevail on the unseaworthiness claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1) First, that the vessel was unseaworthy as claimed; and


2) Second, that the unseaworthy condition was a proximate cause of the injury or damage to the Plaintiff.

INSTRUCTION NO. 13

**Definition - Unseaworthiness**

A shipowner owes to every member of the crew employed on his/her vessel the absolute duty to keep and maintain the ship, and all decks, passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in anyway depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel - a vessel that is reasonably fit for its intended use - no amount of care or prudence excuses the owner. Therefore, if you find that the vessel was in any manner unsafe or unfit, and that such condition was a proximate cause of damage to the Plaintiff, then you may find that the vessel was unseaworthy and the owner liable whether the owner was negligent or not.

The owner of a vessel is not is not required, however, to furnish an accident-free ship. The shipowner is not required to provide the best appliances and equipment, or the finest of crews, on his/her vessel. The shipowner is only required to provide gear and equipment that is reasonably proper and suitable for its intended use , and a crew that is reasonably adequate.

In summary, if you find that the vessel was in any manner unfit in accordance of the law as I have just explained it to you, and this was a proximate cause of the injury incurred by the Plaintiff, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of the Defendant or any of its employees. However, if you find that the shipowner had a capable crew, and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the Defendant is not

liable to the Plaintiff on the claim of unseaworthiness.

INSTRUCTION NO. 14

**Unseaworthiness - Proximate Cause**

An unseaworthy condition is a "proximate cause" of damage only if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the unseaworthy condition, the loss, injury or damage would not have occurred.  Unseaworthiness may be a proximate cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if it occurs at the same time as the unseaworthiness, and if the unseaworthiness contributes substantially to producing such damage.

INSTRUCTION NO. 15

**Defense of Contributory Negligence**

The Defendant contends that the Plaintiff was also negligent and that such negligence was a legal cause of the Plaintiff's own injury. This is a defensive claim so that the Defendant must prove, by a preponderance of the evidence:

1) First, that the Plaintiff was also "negligent;" and

2) Second, that such negligence was a "proximate cause" of the Plaintiff's own damage.

In the special interrogatories that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The law requires you to compare any negligence you find on the part of both parties. If you find in favor of the Defendant on this defense, that will not prevent recovery by the Plaintiff. It will only reduce the amount of the Plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of the Plaintiff, that the Plaintiff's own negligence was, for example, 50 % responsible for the Plaintiff's own damage, then you would fill in that percentage as your finding on the special interrogatory form for damages. Such a finding would not prevent the Plaintiff from recovering.

If you do find that the Plaintiff acted negligently, and such negligence also caused his damage, the Court will reduce the Plaintiff's total damages by the percentage that you insert. You should not reward your damages based on any proportion of liability. The Court, and the Court alone, will adjust the damages based on the percentage, if any, you determine that the Plaintiff was negligent.

INSTRUCTION NO. 16

**Damages**

If you find that the Defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of Mr. Taylor's damages. Compensatory damages are not allowed as a punishment against a party.  Such damages cannot be based on speculation, for it is only actual damages - what the law calls compensatory damages - that are recoverable.  However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make Mr. Taylor whole, or to restore him to the position he would have been in if he would not have been injured or if the accident had not happened.

You should consider the following elements of damages, to the extent you find that Mr. Taylor has established such damages by a preponderance of the evidence: physical pain and suffering including: physical and mental disability, impairment, and inconvenience both in the past and in the future; the effect of Mr. Taylor's injuries and inconvenience on the normal pursuits, pleasures and enjoyment of life both in the past and in the future; mental anguish caused by disability both in the past and in the future; income loss in the past; past medical expenses; the reasonable value, not exceeding actual cost to Mr. Taylor, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

You may award damages for any bodily injury that Mr. Taylor sustained and any pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life that Mr. Taylor experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has

been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate Mr. Taylor for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in light of the evidence.

Any award that you make to the Plaintiff is not subject to income tax; neither the state nor federal government will tax it.  Therefore, you should determine the amount the Plaintiff is entitled to receive without considering the effect of taxes upon it.

The law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in the evidence.

**Please proceed to Special Interrogatory No. 3.**

INSTRUCTION NO. 17

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

## INSTRUCTION NO. 18

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

INSTRUCTION NO. 19

One last Instruction.  You should not consider my rulings to reflect how I feel about the

case.  Any statements I have made were not intended nor should they be taken as indicating what

your verdict should be in this case – that is solely your decision

**Special Interrogatory No. 1**

**Jones Act Claim**

Do you find by a preponderance of the evidence that the Defendant was negligent as set forth in Instruction No. 10, and that such negligence was the proximate cause to any injury or damages incurred by the Plaintiff, Richard L. Taylor?

YES_____✓_____          NO_____

FOREPERSON_____          DATE _8-18-06_

Please proceed to the next page.

**Special Interrogatory No. 2**

**Unseaworthiness Claim**

Do you find by a preponderance of the evidence that the M/V Ann Peters was

unseaworthy, as defined in these instructions, and that such unseaworthiness was the proximate

cause to any injury or damages incurred by the Plaintiff, Richard L. Taylor?

YES_____✓_____          NO_____

FOREPERSON___████████████_____          DATE__8-18.06__

If you answer "NO" to Special Interrogatory No. 1 and also "NO" to Special Interrogatory

No. 2, please return to the Courtroom.  If you answer "YES" to Special Interrogatory No. 1 or

"YES" to Special Interrogatory No. 2, please proceed to Instruction No. 16.

**Special Interrogatory No. 3**

**Damages**

If you find that the Defendant, Teco Barge Line, Inc., was negligent in the manner claimed by the Plaintiff and/or maintained an unseaworthy condition aboard its vessel, and that such negligence and/or unseaworthiness was a proximate cause to the injury or damage incurred by the Plaintiff, Richard L. Taylor, you will determine from the evidence and award Richard L. Taylor a sum or sums of money that will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he has sustained directly by reason of the act or acts of the Defendant:

A) For past phototherapy treatment:                                   $ _5,000.00_

B) Future medical expenses he is reasonably certain to incur in the future:   $ _200,000_

C) Physical and mental suffering and impairment he sustained in the past and is reasonably                                                                        _RB_
                                                                       725,000
certain to endure in the future:                                      $ ~~500,000~~

D) Future reasonable travel expenses he is reasonably certain to incur for medical care in the future:                                                     $ _70,000_

                                                                       1,000,000   _RB_
                                                                   $ ~~795,000~~

                                                                       TOTAL

_[signature blacked out]_                                             _8-18-06_

FOREPERSON                                                            DATE

**Special Interrogatory No. 4**

**Contributory Negligence**

1. Do you find by a preponderance of the evidence that the Plaintiff was also negligent in the manner claimed by the Defendant and that the negligence of the Plaintiff was a proximate cause of the Plaintiff's own damages?

YES_____        NO_____✓_____

FOREPERSON_____        DATE_*8-16-07*_

2. If you answer "YES" to the above question, what proportion or percentage of the Plaintiff's damage do you find from a preponderance of the evidence to have been caused by the negligence of the respective parties?

(Please answer in terms of Percentages):

-Defendant, Teco Barge Line, Inc.        _____%

-Plaintiff, Richard L. Taylor        _____%

**(TOTAL MUST EQUAL 100%)**

FOREPERSON_____        DATE_____