UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:04cv33-R

RICHARD L. TAYLOR                                                                                          PLAINTIFF

v.

TECO TRANSPORT, INC.                                                                                    DEFENDANT

## OPINION & ORDER

This matter comes before the Court on Defendant Teco Transport, Inc.'s ("Teco") Motion to Stay Judgment Pending Appeal (Docket #146). The Plaintiff, Richard L. Taylor ("Taylor") has responded to that motion (Docket #147). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Stay Judgment is **DENIED**.

## STANDARD

Rule 62(d), of the Federal Rules of Civil Procedure, states:

> d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

"Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). "'[T]he Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.'" *Id.* (citing *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C.Cir.1980). The party requesting the stay must "'at least [make] a showing that it has adequate resources to satisfy the bond.'" *Id.* Nonetheless, "a full supersedeas bond should almost always be required." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351

(E.D. Mich.1998)(citing *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979)).

## DISCUSSION

In the instant matter, the Defendant has appealed the final judgment in this matter to the Sixth Circuit Court of Appeals. However, Teco has not posted a bond to stay execution of the judgment on appeal. In its motion requesting a stay of judgment, the Defendant has not demonstrated why it is entitled to a stay of judgment nor has it made any showing that it has adequate resources to satisfy the bond. The Defendant has only stated that the Plaintiff will not be prejudiced by the stay, but it has offered no other reason why it is entitled to a stay without having posted an appropriate bond. Accordingly, the Defendant is not entitled to a stay of judgment pending appeal.

## CONCLUSION

**IT IS SO ORDERED:**

The Defendant's Motion to Stay Judgment Pending Appeal (Docket #146) is **DENIED**.